```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

CARLOS ROMIOUS                                    CIVIL ACTION

VERSUS                                            NO: 12-77

CAROLINE C. HUNTER, ET AL.                        SECTION: R(1)

### ORDER AND REASONS

Before the Court is defendants Judge Rebecca Oliver and Judge George Giacobbe's motion to dismiss plaintiff Carlos Romious's complaint.  Because plaintiff fails to state a claim, the Court GRANTS defendants' motion.

### I.   STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of jurisdiction over the subject matter of the claim. In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.  *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).  The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction.

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum.  *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

When a defendant attacks the complaint because it fails to state a legally cognizable claim, Rule 12(b)(6) provides the appropriate challenge.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  But the Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 129 S.Ct. at 1949.

**II.  DISCUSSION**

   *A. Motion to Dismiss*

Judges Rebecca Oliver and George Giacobbe seek dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The Eleventh Amendment bar against suits by private citizens against a state in federal court "applies not only to the state itself, but also protects state actors in their official capacities."  *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hudson v. City of New Orleans*, 174 F.3d 677, 682 (5th Cir. 1999).  Accordingly, to the extent that plaintiff seeks to sue these defendants in their official capacities, he is precluded from doing so by the Eleventh Amendment.  Moreover, Romious has alleged no specific facts whatsoever, and the legal conclusions recited will not suffice to survive a motion to dismiss.  *See Iqbal*, 129 S. Ct. at 1949-50.  Therefore, the Court dismisses plaintiff's complaint against Judges Oliver and Giacobbe with prejudice for failure to state a claim upon which relief may be granted.

   *B. Request for Sanctions*

Defendants argue that the Court, pursuant Federal Rule of Civil Procedure 11, should formally admonish Romious from filing additional claims that lack any legal merit or factual basis. Defendants note that plaintiff filed the suit against 26 defendants, many of whom are state officials, and that he filed

at least five other similar lawsuits in this district.

Romious is hereby warned that if he files another frivolous pleading in this Court, he may be subject to sanctions, including the imposition of a fine and/or an injunction against further filings without leave of the Court.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss.

New Orleans, Louisiana, this 3rd day of April, 2012.

_____Sarah Vance_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE