```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CARLOS ROMIOUS                              CIVIL ACTION

VERSUS                                      NO: 12-77

CAROLINE C. HUNTER, ET AL.                  SECTION: R
```

## ORDER AND REASONS

Before the Court are the motions to dismiss of defendants Caroline C. Hunter, Ellen Weintraub, Cynthia L. Bauerly, Donald McGahn, Matthew S. Petersen, and Steven T. Walther and defendants Michael Yenni and Steven Caraway. Because plaintiff Carlos Romious fails to state a claim, the Court GRANTS defendants' motions.

**I.  Background**

On January 12, 2012, Carlos Romious filed a complaint naming twenty-six defendants for a wide range of offenses.[1]  He seeks damages of $500 trillion, reinstatement to the Kansas and Missouri bars, and the disbarmment of some of the defendants. Defendants Hunter, Weintraub, Bauerly, McGahn, Petersen, and Walther are the Commissioners of the Federal Election Commission. Defendant Yenni is the mayor of Kenner, Louisiana and Caraway, the Chief of Police of Kenner. Defendants filed motions to

---

[1]     R. Doc. 1.

dismiss on the grounds that plaintiff has failed to state a claim upon which relief can be granted.

## II. STANDARD

When a defendant attacks a complaint because it fails to state a legally cognizable claim, Rule 12(b)(6) provides the appropriate challenge. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949.

## II. DISCUSSION

Plaintiff has not alleged any specific facts whatsoever. Instead, he lists a number of causes of action, without providing any details of underlying events that would permit the Court to assess or even comprehend his claims. Legal conclusions recited

will not suffice to survive a motion to dismiss. *See Iqbal*, 129 S. Ct. at 1949-50. Moreover, Romious does not name any of the defendants in the complaint or indicate the defendants that are responsible for each alleged harm. Therefore, the Court dismisses plaintiff's complaint against defendants with prejudice for failure to state a claim upon which relief may be granted.

IV. **CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss.

New Orleans, Louisiana, this 23rd day of July, 2012.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE